IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **MELISSA DOVALA,** | Case No. 1:16 CV 2511 |
| Petitioner, | Judge Dan Aaron Polster |
| v. | Magistrate Judge James R. Knepp, II |
| **GININE TIM**[1], | |
| Respondent. | REPORT AND RECOMMENDATION |

### INTRODUCTION

Petitioner Melissa Dovala ("Petitioner") filed a petition seeking a writ of habeas corpus under 28 U.S.C. § 2254. (Doc. 1). Respondent is Ronette Burkes ("Respondent"), Warden of the Ohio Reformatory for Woman, where Petitioner is incarcerated. The matter is now before the Court on Respondent's motion to transfer the action to the Sixth Circuit as a second or successive petition. (Doc. 7). Petitioner opposed the motion (Doc. 10), and Respondent filed a reply (Doc. 11). This matter has been referred to the undersigned for a Report and Recommendation pursuant to Local Rule 72.2. (Non-document entry dated April 27, 2016). Following review, the undersigned recommends the Court grant the motion and transfer the petition to the Sixth Circuit.

### FACTUAL BACKGROUND

For the purposes of habeas corpus review of state court decisions, findings of fact made by a state court are presumed correct and can only be contravened if the habeas petitioner shows, by clear and convincing evidence, erroneous factual findings by the state court. § 2254(e)(1); *Moore*

---

1. Petitioner Melissa Dovala is incarcerated at the Ohio Reformatory for Women. Pursuant to Rule 2(a) of Rules Governing Section 2254, Warden Ronette Burkes, as the current warden of that institution, is the proper party Respondent.

*v. Mitchell*, 708 F.3d 760, 775 (6th Cir. 2013); *Mitzel v. Tate*, 267 F.3d 524, 530 (6th Cir. 2001). This presumption of correctness applies to factual findings made by a state court of appeals based on the state trial court record. *Id*. In this case, the Ohio Court of Appeals for the Ninth Appellate District, Lorain County, set forth the following findings of fact:

> {¶ 2} Riley Smath was born on August 26, 2003. His mother, Eileen Callahan-Smath, originally planned to deliver Riley naturally, but doctors had to perform a cesarean section when she failed to progress after many hours of labor. After the cesarean, doctors examined Riley and declared him to be a healthy baby. The only problem Riley ever exhibited was his spitting up during and after feeding.
>
> {¶ 3} Mrs. Callahan-Smath initially took a leave of absence from her job as a schoolteacher so that she could care for Riley. By the end of January 2004, however, Mrs. Callahan-Smath was prepared to return to work and sought a child care provider for weekdays. She found Appellant's advertisement in the newspaper, met with her, and arranged to bring Riley to Appellant's house for day care beginning January 22, 2004.
>
> {¶ 4} On February 6, 2004, Mrs. Callahan-Smath called Appellant after work to tell Appellant that she was running late to pick up Riley. Appellant informed her that something was wrong with Riley, that she could not wake him, and that he needed to go to the emergency room. After Mrs. Callahan-Smath arrived at Appellant's home, she rushed Riley to the hospital. Riley was pronounced dead shortly thereafter, and doctors later determined his death to be the result of blunt impact trauma to the head.
>
> {¶ 5} After Riley's death, Detective Dan Jasinski interviewed Appellant at her home and recorded the interview on videotape. Appellant answered questions about her day with Riley, but denied that either she or one of the day care children hurt Riley in any way.
>
> {¶ 6} On May 26, 2004, a grand jury indicted Appellant for murder pursuant to R.C. 2903.02(A), felony murder pursuant to R.C. 2903.02(B), felonious assault pursuant to R.C. 2903.11(A)(1), endangering children pursuant to R.C. 2919.22(B)(1), and involuntary manslaughter pursuant to 2903.04(A). Prior to the end of trial, the State dismissed the first count of murder. On July 5, 2005, the jury found Appellant guilty of the charges of felony murder, felonious assault, endangering children, and involuntary manslaughter. The trial court later held that the manslaughter conviction merged with the felony murder conviction and sentenced Appellant to an indefinite prison term of 15 years to life.

*State v. Petitioner*, 9th Dist. No. 05CA008767, 2007-Ohio-4914; *see also* Doc. 7-1, Ex. 19 at 1-3.

**PROCEDURAL BACKGROUND**

Respondent accurately summarized the lengthy procedural history; therefore, it is incorporated herein with only minor changes. (Doc. 7, at 3-12).

*State Conviction*

The April 2004 term of the Lorain County Grand Jury issued an indictment charging Petitioner with two counts of murder in violation of Ohio Revised Code § 2903.02(A) and § 2903.02(B), one count of felonious assault in violation of Ohio Revised Code § 2903.11(A)(1), one count endangering children in violation of Ohio Revised Code § 2919.22(B)(1), and one count of involuntary manslaughter in violation of Ohio Revised Code § 2903.04(A). (Doc. 7-1, Ex. 1). Upon arraignment, Petitioner entered a plea of not guilty. (Doc. 7-1, Ex. 2).

Prior to opening statements, the State nolled Count 1 of the indictment and the remaining counts were renumbered 1 through 4. Following a jury trial, the jury returned a verdict finding Petitioner guilty of the remaining counts. (Doc. 7-1, Ex. 3) (citing Case No. 2004 CR 065398).

On July 5, 2005, the trial court found that Count 4 (involuntary manslaughter) would merge into merged Count 1 (murder). *Id.* The trial court sentenced Petitioner to fifteen years to life in prison for Count 1, three years for Count 2, and three years for Count 3. *Id*. The sentences were ordered to be served concurrently for an aggregate sentence of fifteen years to life in prison. *Id.*

*Direct Appeal*

On August 1, 2005, Petitioner, through new counsel, filed a timely notice of appeal in the Ninth District Court of Appeals, Lorain County, Ohio. (Doc. 7-1, Ex. 4).[2] In her merit brief, Petitioner raised six assignments of error:

---

2. Petitioner's appeal was later dismissed for failure to file a brief. (Doc. 7-1, Exs. 9, 73). However, the Ninth District Court of Appeals later granted Petitioner's Ohio App. R. 26(B) application to reopen that appeal. (Doc. 7-1, Ex. 15).

3

1. Whether permitting the jury to view a videotape as evidence without first presenting the videotape in the courtroom, in the presence of the accused, her counsel, the court, and the public denied the accused her constitutional right to be present at a critical stage of the trial, to confront evidence against her, and to a public trial, in violation to the Fifth, Sixth and Fourteenth Amendments as well as Art. I, §§ 2, 10, and 16 of the Ohio Constitution.

2. Was [Petitioner] denied the effective assistance of counsel as guaranteed by Art. I, §§ 2, 10, and 16 of the Ohio Constitution and the Fifth, Sixth and Fourteenth Amendments.

3. Whether [Petitioner] was denied her right to due process and a fair trial when the prosecutor engaged in improper argument and other misconduct in violation of the Art. I, §§ 2, 10, and 16 of the Ohio Constitution and the Fifth, Sixth, Eighth and Fourteenth Amendments.

4. Whether the trial court erred in admitting hearsay evidence of "top known cases and studies" in violation of the Rules of Evidence [Petitioner]'s right to confront the witnesses against her in violation of Art. I, §§ 2, 10, and 16 of the Ohio Constitution and the Fifth, Sixth, and Fourteenth Amendments.

5. Whether a conviction must be reversed when the cumulative effect of errors deprives a defendant of his state and federal constitutional right to a fair trial.

6. [Petitioner] was denied the effective assistance of counsel on her appeal of right to this court in violation of the Fifth, Sixth, and Fourteenth Amendments and Art. I, §§ 2, 10, and 16 of the Ohio Constitution.

(Doc. 7-1, Ex. 16 at 75-110). The State filed a brief in opposition. (Doc. 7-1, Ex. 17 at 120-40). Petitioner filed a reply. (Doc. 7-1, Ex. 18 at 141-52). On September 24, 2007, the Court of Appeals found that appellate counsel had rendered ineffective assistance for failing to file a brief and vacated the court's prior dismissal, but overruled Petitioner's first five assignments of error, and affirmed the judgment of the trial court. (Doc. 7-1, Ex. 19 at 153-66) (Case No. 2005 CA 008767). Petitioner filed a timely notice of appeal to the Ohio Supreme Court. (Doc. 7-1, Ex. 20). In her memorandum in support of jurisdiction, Petitioner presented the following propositions of law:

I. Taped evidence relied on by the parties as substantive evidence must be played in open court. Art. I, §§ 2, 10, and 16 of the Ohio Constitution; Fifth, Sixth, and Fourteenth Amendments.

4

> II. Melissa Dovala was denied the effective assistance of counsel as guaranteed by Art. I, §§ 2, 10, and 16 of the Ohio Constitution and the Fifth, Sixth and Fourteenth Amendments.
>
> III. A criminal defendant's right to due process and a fair trial are violated by the improper arguments and misconduct of the prosecutor. Art. I, §§ 2, 10, and 16 of the Ohio Constitution and the Fifth, Sixth, Eighth, and Fourteenth Amendments.
>
> IV. Admitting hearsay evidence of "top known cases and studies" denied Melissa Dovala her right to confront the witnesses against her in violation of Art. I, §§ 2, 10, and 16 of the Ohio Constitution and the Fifth, Sixth and Fourteenth Amendments.
>
> V. A conviction must be reversed when the cumulative effect of errors deprives a defendant of due process and a fair trial.

(Doc. 7-1, Ex. 21 at 169-86). The State filed a memorandum opposing jurisdiction. (Doc. 7-1, Ex. 22 at 202-10). On February 20, 2008, the Ohio Supreme Court denied leave to appeal and dismissed the appeal because it did not involve any substantial constitutional question. (Doc. 7-1, Ex. 23) (Case No. 2007-2076).

*Petition to Vacate or Set Aside Judgment and Sentence*

On June 2, 2006, while her direct appeal was pending, Petitioner, represented by her original appellate attorneys, filed a petition to vacate or set aside judgment and sentence, claiming that she had been denied the effective assistance of trial counsel and had been denied the right to be present during a critical stage. (Doc. 7-1, Ex. 24 at 212-23). Petitioner filed an amended petition on June 13, 2006, to add additional exhibits. (Doc. 7-1, Ex. 25 at 287-89). On March 17, 2008, Petitioner filed a motion for summary judgment because the state had not filed an answer or any other pleadings. (Doc. 7-1, Ex. 26 at 342-45). The state requested (Doc. 7-1, Ex. 27 at 346-48), and was granted (Doc. 7-1, Ex. 28), leave to file a responsive pleading. The State filed a response on April 17, 2008. (Doc. 7-1, Ex. 29 at 351-60). The trial court denied Petitioner's post-conviction petition. (Doc. 7-1, Ex. 30 at 362-63). Petitioner filed a motion for findings of fact and conclusions

5

of law. (Doc. 7-1, Ex. 31 at 364-66). The trial court issued such, denying Petitioner's claims as barred by the doctrine of res judicata. (Doc. 7-1, Ex. 32 at 368-71) (Case No. 2004 CR 065398).

Petitioner, through counsel, timely appealed the denial of her post-conviction petition. (Doc. 7-1, Ex. 33). In her brief, she raised two assignments of error:

1. The trial court erred and abused discretion in application of the doctrine of res judicata to Appellant's claims for relief, thus violating her rights under the Fifth, Sixth and Fourteenth Amendments to the United States Constitution, and Article I, §§ 1, 2, 5, 10, and 16 of the Ohio Constitution.

2. The trial court erred to the prejudice of Appellant and abused judicial discretion by dismissing the petition for post-conviction relief without holding a hearing.

(Doc. 7-1, Ex. 34 at 374-94). The State filed a brief opposing Petitioner's assignments of error. (Doc. 7-1, Ex. 35 at 424-37). Petitioner filed a reply. (Doc. 7-1, Ex. 36 at 438-50). On March 30, 2009, the Court of Appeals found that the trial court was incorrect in concluding that all of Petitioner's claims challenging the effective assistance of trial counsel were barred by res judicata.[3] (Doc. 7-1, Ex. 37 at 451-62). Accordingly, the judgment of the trial court was reversed in part and remanded for proceedings consistent with Ohio Revised Code § 2953.21. *Id.* (Case No. 2008 CA 009455).

Upon remand, the trial court held a hearing on Petitioner's post-conviction claims. The parties filed post-hearing briefs. (Doc. 7-2, Exs. 38-39 at 7-50). On August 23, 2010, the trial court issued a judgment entry and findings of fact and conclusions of law denying Petitioner's petition

---

3. The appellate court concluded that the following claims of ineffective assistance of trial counsel were *not barred* by the doctrine of res judicata — ineffective assistance for failing to: (1) fully prepare for trial, (2) fully investigate the State's case, (3) obtain an independent forensic evaluation, (4) present expert testimony to challenge the State's expert evidence, (5) fully investigate their theory of the case, and (6) support their theory of the case. (Doc. 7-1, Ex. 37 at 451-60).

6

for post-conviction relief, finding that Petitioner failed to show that he had been denied the effective assistance of trial counsel. (Doc. 7-2, Exs. 40-41 at 51-56) (Case No. 2004 CR 065398).

Petitioner filed a timely appeal to the Ninth District Court of Appeals. (Doc. 7-2, Ex. 42). In her brief, Petitioner set forth a single assignment of error:

1. The judgment of the trial court is contrary to the manifest weight of the evidence, and constitutes an abuse of judicial discretion.

(Doc. 7-2, Ex. 43 at 58-87). The State filed a brief in opposition. (Doc. 7-2, Ex. 44 at 92-115). On June 27, 2011, the Court of Appeals overruled Petitioner's sole assignment of error and affirmed the judgment of the trial court. (Doc. 7-2, Ex. 45 at 116-30) (Case No. 2010 CA 009896).

Petitioner timely appealed the appellate court's decision to the Ohio Supreme Court. (Doc. 7-2, Ex. 46 at 131-32). In her memorandum in support of jurisdiction, Petitioner set forth two propositions of law:

I. In a criminal case charging the murder of an infant, where the proof of causation of the injury is circumstantial, the duties of counsel for the defendant include: (1) conduct an objectively reasonable investigation of the medical basis of the evidence; (2) make an objectively reasonable effort to secure medical expert evidence that can be presented in defense; and (3) to prepare a medical defense that is available.

II. A trial court misapplies the test for prejudice in the claims of ineffective assistance of counsel under *Strickland v. Washington* (1984) 466 U.S. 668; *State v. Bradley* (1989), 42 Ohio St.3d 136, by applying a standard of prejudice that, but for the deficient legal representation, another outcome "would probably be different."

(Doc. 7-2, Ex. 47 at 133-47). On November 2, 2011, the Ohio Supreme Court denied leave to appeal and dismissed the appeal as not involving any substantial constitutional question. (Doc. 7-2, Ex. 48) (Case No. 2011-1373).

7

*First Federal Habeas Petition*

Petitioner, through counsel, filed her first federal habeas petition on January 29, 2013. (Doc. 7-2, Ex. 49 at 168-91) (*Dovala v. Tim*, Case No. 1:13-cv-00213 (N.D. Ohio 2013)). In her petition, Petitioner set forth the following grounds for relief:

> **GROUND ONE**: Petitioner was denied her right to be present at a critical stage of the trial when the trial court admitted a videotape as evidence without presenting the videotape in the courtroom and in the presence of the defendant, in violation of the Fifth, Sixth and Fourteenth Amendments to the U.S. Constitution.
>
> **Supporting Facts**: During the state's case in chief, Detective Jasinski identified State's Exhibit 36 as the videotaped interview of Melissa Dovala. While Det. Jasinski was still on the stand, the state announced that it planned to play the tape for the jury. The trial court prevented the state from playing the tape in the courtroom and ordered that it just be sent back to the jury room. Both parties argued information in the videotape during closing. This claim was exhausted through direct appeal.
>
> **GROUND TWO**: Petitioner was denied the effective assistance of counsel when trial counsel failed to object to the presentation of substantive evidence of guilt outside of the presence of the accused, her counsel, the court and the public; failed to insure a proper record was made in voir dire; failed to make a record of what parts of the videotape were redacted or if it was redacted, failed to object to prejudicial hearsay offered by the state's expert; and, failed to object to improper argument about facts not in evidence and victim impact evidence in violation of the Fifth, Sixth and Fourteenth Amendments to the U.S. Constitution.
>
> **Supporting Facts**: Trial counsel performed deficiently when he failed to object to the presentation of substantive evidence of guilt outside of the presence of the accused, her counsel, the court and the public; failed to insure a proper record was made in voir dire; failed to make a record of what parts of the videotape were redacted or if it was redacted, failed to object to prejudicial hearsay offered by the state's expert; and, failed to object to improper argument about facts not in evidence and victim impact evidence. Petitioner was prejudiced by this deficient performance. This claim was exhausted through the direct appeal.
>
> **GROUND THREE**: Petitioner's rights to due process and a fair trial were violated by the improper arguments and misconduct of the prosecutor in violation of the Fifth, Sixth, Eighth and Fourteenth Amendments to the U.S. Constitution.
>
> **Supporting Facts**: The prosecutor argued facts not in evidence – that Petitioner was emotionally stressed, frustrated and under economic strain, as well as medical evidence – extensively during closing argument. Furthermore, the prosecutor solicited inadmissible evidence, denigrated defense counsel and made improper

arguments to the jury about their duty. This claim was exhausted through direct appeal.

**GROUND FOUR**: Petitioner's right to confront witnesses against her was violated when hearsay evidence of "top known cases and studies: was admitted against her in violation of the Fifth, Sixth and Fourteenth Amendments to the U.S. Constitution.

**Supporting Facts**: The state's coroner testified about "top known cases and studies" pertaining to shaking babies, however never identified these "top known cases and studies," nor were underlying facts established to demonstrate the authenticity of the cases or studies, the methods used in the cases or studies, or who conducted these cases or studies. These statements were argued in closing by the prosecutor and used to corroborate the coroner's opinion about these cause of death. The claim was exhausted through direct appeal.

**GROUND FIVE**: Petitioner's rights to due process and a fair trial were violated based on the cumulative effect of errors at trial in violation of the Fifth, Sixth and Fourteenth Amendments to the U.S. Constitution.

**Supporting Facts**: The errors raised in Grounds One through Four above resulted in an unfair trial. This claim was exhausted through direct appeal.

**GROUND SIX**: Petitioner was deprived of the effective assistance of trial counsel based on a failure to fully prepare for trial, failure to fully investigate the state's case against Petitioner, failed to obtain an independent forensic evaluation, failure to present expert testimony to contest the state's expert testimony, failure to fully investigate the theory presented at trial and failure to demonstrate a theory based on expert evidence and legal argument.

**Supporting Facts**: Trial counsel performed deficiently when he failed to fully prepare for trial, failure to fully investigate the state's case against Petitioner, failed to obtain an independent forensic evaluation, failure to present expert testimony to contest the state's expert testimony, failure to fully investigate the theory presented at trial and failure to demonstrate a theory based on expert evidence and legal argument. No deference should be afforded to the state court findings. These claims were supported by evidence outside the record and raised in a timely postconviction petition. Depositions were taken and a hearing was held. The trial court denied the petition. Petitioner appealed this to the Ninth District Court of Appeals and then to the Ohio Supreme Court. Petitioner discovered evidence that contradicted the testimony provided in a deposition and relied upon by the trial court and therefore submitted this evidence to the trial court by way of a Motion for Relief under Civ.R. 60(B).

(Doc. 7-2, Ex. 49 at 188-91). Respondent moved to dismiss, and on August 26, 2013, the magistrate judge recommended the motion be granted, finding the first five grounds for relief

time-barred and the sixth ground for relief unexhausted. (Doc. 7-2, Ex. 50 at 192-211). The magistrate judge also recommended that pending motions to stay and abey should be denied. *Id.* On September 18, 2013, this Court overruled Petitioner's objections and adopted the magistrate judge's report and recommendation denying the petition as time-barred with respect to grounds one through five and dismissing without prejudice Petitioner's sixth ground for relief. (Doc. 7-2, Ex. 51-52 at 212-16).

Petitioner did not file an appeal to the United States Court of Appeals for the Sixth Circuit.

*Motion for Relief Under Civil Rule 60(B)*

Meanwhile, on January 25, 2013, Petitioner filed an Ohio Civ. R. 60(B) motion requesting relief from the trial court's August 23, 2010 judgment denying her post-conviction petition. (Doc. 7-2, Ex. 53 at 217-22). The State filed a response in opposition (Doc. 7-2, Ex. 54 at 229-42), to which Petitioner filed a reply (Doc. 7-2, Ex. 55 at 246-52). In an entry filed on June 13, 2013, Petitioner's motion for relief from judgment was overruled. (Doc. 7-2, Ex. 56 at 253-55) (Case No. 2004 CR 065398).

On July 12, 2013, Petitioner, through counsel, filed a notice of appeal to the Ninth District Court of Appeals. (Doc. 7-2, Ex. 57 at 256-58). In her brief, Petitioner raised the following sole assignment of error:

1. The judgment of the trial court is contrary to the manifest weight of the evidence, and constitutes an abuse of judicial discretion. Fifth, Sixth and Fourteenth Amendments to the U.S. Constitution.

(Doc. 7-2, Ex. 58 at 259-82). The State filed a brief in response (Doc. 7-2, Ex. 59 at 292-309) and Petitioner filed a reply (Doc. 7-2, Ex. 60 at 310-18). In a decision and journal entry filed June 4, 2014, the Ninth District Court of Appeals sustained Petitioner's sole assignment of

error, reversed the trial court's judgment, and remanded the matter for further proceedings consistent with the opinion. (Doc. 7-2, Ex. 61 at 320-27) (Case No. 2013 CA 10440).

In a supplemental judgment entry filed October 10, 2014, the Lorain County Court of Common Pleas again overruled Petitioner's motion for relief from judgment. (Doc. 7-2, Ex. 62 at 328-29) (Case No. 2004 CR 065395).

Petitioner, though counsel, timely filed a notice of appeal to the Ninth District Court of Appeals. (Doc. 7-2, Ex. 63 at 330-32). In her brief, Petitioner raised the following assignment of error:

1. The supplemental judgment of the court below denying Appellant's motion to reopen judgment was contrary to the weight of the evidence and constituted an abuse of judicial discretion.

(Doc. 7-2, Ex. 64 at 333-48). The State filed a brief opposing Petitioner's assignment of error. (Doc. 7-2, Ex. 65 at 357-75). Petitioner filed a reply. (Doc. 7-2, Ex. 66 at 377-86). In a decision and journal entry issued March 31, 2016, the appellate court overruled Petitioner's sole assignment of error and affirmed the judgment of the trial court. (Doc. 7-2, Ex. 67 at 387-94) (Case No. 2014 CA 010692).

On May 13, 2016, Petitioner timely filed a notice of appeal to the Supreme Court of Ohio. (Doc. 7-2, Ex. 68 at 395-96). In her memorandum in support of jurisdiction, Petitioner set forth the following proposition of law:

1. A trial court errs when it denies a Motion to Reopen Judgment despite presentation of evidence demonstrating unusual circumstances that, at the time of the original judgment, were not disclosed to the parties. *Strickland v. Washington* (1984), 466 U.S. 668; *State v. Bradley* (1989), 42 Ohio St.3d 136; *State v. Smith* (1985), 17 Ohio St.3d 98; *State v. Jackson* (1980), 64 Ohio St.2d 107. U.S. Const., Amends. VI, XIV; Ohio Const. Art. I §§1, 10.

(Doc. 7-2, Ex. 69 at 397-407). The State filed a memorandum in opposition to jurisdiction. (Doc. 7-2, Ex. 70 at 417-30). On August 31, 2016, the Supreme Court of Ohio declined to accept

11

jurisdiction of the appeal pursuant to Supreme Court Practice Rule 7.08(B)(4). (Doc. 7-2, Ex. 71) (Case No. 2016-0753).

### FEDERAL HABEAS PETITION

Petitioner, through counsel, filed the instant petition for a writ of habeas corpus on October 13, 2016. (Doc. 1). Petitioner raises the following ground for relief:

> **GROUND FOR RELIEF:** Petitioner was deprived of the effective assistance of trial counsel based on a failure to fully prepare for trial, failure to fully investigate the state's case against Petitioner, failed to obtain an independent forensic evaluation, failure to present expert testimony to context the state's expert testimony, and failure to fully investigate the theory they present at trial and failure to demonstrate through expert evidence and legal argument the theory.
>
> **Supporting Facts:** Trial counsel performed deficiently when he failed to fully prepare for trial, failed to fully investigate the state's case against Petitioner, failed to obtain an independent forensic evaluation, failure to present expert testimony to contest the state's expert testimony, failed to fully investigate the theory they presented at trial, and failed to demonstrate through expert evidence the legal argument the theory. No deference should be afforded to the state court findings.

(Doc. 1-2, at 7).

### RESPONDENT'S MOTION TO TRANSFER

Respondent argues the case must be transferred to the Sixth Circuit because this is Petitioner's second petition challenging her convictions and the district court adjudicated the merits of the exhausted grounds of relief in the first petition. (Doc. 7). Petitioner, through counsel, responds that this is not a second or successive petition because the unexhausted ineffective assistance of counsel claim in the first petition was dismissed as premature. (Doc. 10). She cites *Stewart v. Martinez-Villareal*, 523 U.S. 637 (1998), for support.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") greatly restricts the power of federal courts to award habeas relief to state prisoners who have already filed § 2254

petitions. Indeed, in certain circumstances, AEDPA precludes a district court from reviewing subsequent petitions. As amended by the AEDPA, 28 U.S.C. § 2244(b) provides:

> (1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.
>
> (2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless:
>
>> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>>
>> (B) (i) the factual predicate for the claim could not have been discovered previously though the exercise of due diligence; and
>>
>> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for the constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b).

The fact that a petitioner previously filed a § 2254 petition does not necessarily mean a subsequent petition will be considered a "second or successive" petition under AEDPA. *In re Salem*, 631 F.3d 809, 812 (6th Cir. 2011). Rather, the phrase "second or successive" petition is a legal term given substance by the Supreme Court. *Slack v. McDaniel*, 529 U.S. 473, 486 (2000); *see also Banks v. Bunting*, 2013 WL 6579036, at *5 (N.D. Ohio).

Thus, a subsequent petition is not "second or successive" if: (1) the claims asserted in that petition were not ripe at the time an earlier petition was filed, *see Banks*, 2013 WL 6579036, at *5 (citing *Martinez-Villareal*, 523 U.S. at 643-46); or (2) the subsequent petition attacks a state court judgment that was not attacked in the previous petition, *id*. (citing *Magwood v. Patterson*, 561 U.S. 320 (2010)).

Before filing a second or successive petition with the district court, AEDPA requires a petitioner first obtain an order "authorizing the district court to consider" the petition from the appropriate court of appeals. § 2244(b)(3)(A). In the Sixth Circuit, "when a second or successive petition for habeas corpus relief or § 2255 motion is filed in the district court without § 2244(b)(3) authorization from this court, the district court shall transfer the document to this court pursuant to 28 U.S.C. § 1631." *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997); *see also In re Smith*, 690 F.3d 809, 810 (6th Cir. 2012) (directing district courts to transfer successive petitions to the Sixth Circuit for want of jurisdiction under 28 U.S.C. § 1631, even in light of *Magwood v. Patterson*, 561 U.S. 320, 331 (2010), which directs district courts to dismiss such petitions); *Barclay v. Tibbles*, 2014 U.S. Dist. LEXIS 25982, at *9, n.1 (N.D. Ohio Feb. 28, 2014) (transferring successive grounds for relief to the Sixth Circuit, pursuant to precedent); *Askew v. Bradshaw*, 636 F. App'x 342, 345 n.1 (6th Cir. 2016) (reaffirming the *In re Sims* rule, directing district courts to transfer second or successive petitions to the Sixth Circuit).

Here, this is the second petition Petitioner has filed challenging her underlying convictions and asserting a claim of ineffective assistance of trial counsel. (Doc. 7-2, Ex. 49 & Doc. 1). The first petition was a "mixed petition", containing both exhausted and unexhausted claims. (Doc. 7-2, Exs. 49-52) (*Dovala v. Trim*, Case No. 1:13-cv-00213 (N.D. Ohio 2013)). The district court dismissed Plaintiff's ineffective assistance counsel claim as unexhausted and adjudicated the other five grounds for relief. (Doc. 7-2, Exs. 50-52). When dealing with a "mixed petition", containing both exhausted and unexhausted claims, a petitioner may: (1) withdraw the mixed petition, exhaust the remaining claims, and then return to the district court for adjudication, in which case it would not be considered second or successive, *Rose v. Lundy*, 455 U.S. 509, 520-22 (1982); or (2) proceed

14

with only the exhausted claims and "risk[] dismissal of subsequent federal petitions." *Id*. at 521; *see also Burton v. Stewart*, 549 U.S. 147, 154 (2007); *Slack*, 529 U.S. at 485-86.

Here, Petitioner initially requested a stay of her first petition pending exhaustion, but was denied. (Doc. 7-2, Exs. 50-52). She did not ask to withdraw the mixed petition to exhaust the remaining claims, but instead choose to proceed with the mixed petition. The district court ultimately dismissed the unexhausted claim without prejudice and adjudicated the other five grounds for relief. *Id.* Because Petitioner choose this route, her petition now pending before the Court is second or successive and, as such, should be transferred to the United States Court of Appeals for the Sixth Circuit. *See* 28 U.S.C. §§ 2244(b)(3); *see also Burton*, 549 U.S. at 154 (finding a habeas petitioner with a mixed petition who chooses to proceed with adjudication of her exhausted claims, may not claim a subsequent petition is not second or successive because the new claims were unexhausted at the time she filed the first petition).

Furthermore, *Stewart v. Martinez-Villareal*, on which Plaintiff leans for support, is distinguishable from the case at hand. 523 U.S. 637 (1998). In that case, a death penalty case, the Court held a competency to be executed issue is premature unless the execution is imminent. *Id.* at 643-46. Here, not only is Petitioner's claim wholly unrelated to a competency issue, her claim was also not premature as the claim in *Martinez-Villareal*. Her claim of ineffective assistance of trial counsel was ripe for review, albeit unexhausted, when she filed her first habeas petition because the factual predicate for such claim was in existence at the time. Thus, Petitioner's reliance on *Martinez-Villareal* is not persuasive.

## CONCLUSION AND RECOMMENDATION

Following review, the undersigned recommends the Court grant Respondent's motion to transfer (Doc. 7), and transfer the matter to the Sixth Circuit for Petitioner to request permission to proceed with a second or successive petition.

s/James R. Knepp, II<br>
United States Magistrate Judge

*ANY OBJECTIONS* to this Report and Recommendation must be filed with the Clerk of Court within fourteen days of service of this notice. Failure to file objections within the specified time WAIVES the right to appeal the Magistrate Judge's recommendation. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).